Dear Mr. Levy:
You have asked this office to advise whether an elected councilman for the City of Westwego may also hold a position "as the head of a city department" within the Westwego municipal government.
The City of Westwego is a Lawrason Act municipality, subject to the provisions of R.S. 33:321, et. seq. Of import in the instant matter is R.S. 33:385(C), which states in pertinent part:
 C. No member of the board of aldermen shall hold any other office or employment under the municipal government while he is a member of the board, except as is provided for in R.S. 33:381 and R.S. 33:386. . . . . . (Emphasis added).
R.S. 33:385(C) prohibits an elected member of the Westwego council from holding any other office or employment under the municipal government, which would necessarily include a municipal department head.
Further, the prohibitions of the Dual Officeholding and Dual Employment Laws, R.S. 42:61, et seq. are applicable to your inquiry. R.S. 42:63
prohibits a local elected official from holding either (1) a position of employment (whether part-time or full-time) within the same political subdivision in which he holds elective office, or (2) a full-time appointive office in any political subdivision of the state. R.S. 42:63(D) states, in pertinent part:
 D. No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the *Page 2 
government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office. . . . . . (Emphasis added).
For purposes of dual officeholding, the terms "appointive office", "employment", "full time", "part time", and "political subdivision" are defined by R.S. 42:62 as follows:
 (2) "Appointive office" means any office in any branch of government or other position on an agency, board, or commission or any executive office of any agency, board, commission, or department which is specifically established or specifically authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof and which is filled by appointment or election by an elected or appointed public official or by a governmental body composed of such officials of this state or of a political subdivision thereof.
 (3) "Employment" means any job compensated on a salary or per diem basis, other than an elective or appointive office, in which a person is an employee of the state government or of a political subdivision thereof.
 (4) "Full time" means the period of time which a person normally works or is expected to work in an appointive office or employment and which is at least seven hours per day of work and at least thirty-five hours per week of work.
 (5) "Part time" means the period of time which a person normally works or is expected to work in an appointive office or employment which is less than the number of hours of work defined in this Section as full time.
 * * * * * (9) "Political subdivision" means a parish, municipality, and any other unit of local government, including a school board and a special district, authorized by law to perform governmental functions. In addition for the purposes of this Part, mayor's courts, justice of the peace courts, district attorneys, sheriffs, clerks of court, coroners, tax assessors, registrars of voters, and all other elected parochial officials shall be separate political subdivisions.
The distinction between an appointive office and an employment is that the appointive office is a position that is established or specifically authorized by the constitution, statutes, home rule charter provisions or ordinances of a *Page 3 
municipality or parish. While R.S. 42:63 does not prohibit a local elected official from holding a part-time appointive office in the same political subdivision in which he is elected, the positions may still be deemed incompatible under the provisions of R.S. 42:64:
 § 64. Incompatible offices
 A. In addition to the prohibitions otherwise provided in this Part, no other offices or employments shall be held by the same person in combination if any of the following conditions are found to pertain and these prohibitions shall exist whether or not the person affected by the prohibition exercises power in conjunction with other officers:
 * * * * * (4) The incumbent of one office, whether or not in conjunction with fellow officers, or employment is required by law to execute orders and follow directions given by the incumbent of the other office or employment.
 (5) One office, whether or not in conjunction with fellow officers, or employment is charged with auditing the accounts of or approving the budget of the other position.
 (6) Funds received by one office or employment are deposited with or turned over to the other office or position.
Under R.S. 42:64, a Westwego councilman may not hold a position as Westwego department head, because he would charged with approving the budget of the department head position in his capacity as councilman.
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
 Very truly yours,
 JAMES D. "BUDDY" CALDWELL
 ATTORNEY GENERAL
 BY:___________________________
 KERRY L. KILPATRICK
 ASSISTANT ATTORNEY GENERAL
 KLK:arg